IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAURA EVET LAMBDEN, | ) |
| | ) |
| Petitioner, | ) CASE NOS. 3:13-CR-00294-JO |
| | ) 3:15-CV-01743-JO |
| v. | ) |
| | ) OPINION AND ORDER |
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| Respondent. | ) |

JONES, Judge:

On September 14, 2015, pursuant to 28 U.S.C. § 2255, Laura Lambden ("Petitioner") filed a motion (#95) to vacate, set aside, or correct the sentence imposed in *United States v. Lambden,* Case No. 3:13-CR-00294-JO (D. Or. Sept. 17, 2014). Upon careful review of the record in this case, I conclude Petitioner's claims for relief lack merit, and an evidentiary hearing is unnecessary because Petitioner alleges no facts that entitle her to relief. For the reasons set forth below, Petitioner's § 2255 motion is DENIED.

## BACKGROUND

Pursuant to a plea agreement, Petitioner pled guilty to Count 1 of the Indictment: violation of the Mann Act, 18 U.S.C. § 2421, and waived most of her appellate rights and any collateral attacks on the conviction or sentence. (#58, #59). I entered judgment and sentenced Petitioner to a prison term of 48 months. (#70). On September 14, 2015, Petitioner filed this habeas motion pursuant to 28 U.S.C. § 2255, seeking relief from her sentence on grounds of

ineffective assistance of counsel and failure of the court to address the supervised release conditions at the time of sentencing. (#95).

## DISCUSSION

### I.  Ineffective Assistance of Counsel

A. Legal Standard.

Defendants have a Sixth Amendment right to counsel during the plea-bargaining process, and they are entitled to the effective assistance of competent counsel during plea negotiations. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). To establish ineffective assistance of counsel, defendants must show that (1) their legal representation was so maligned it amounted to a denial of their Sixth Amendment right to counsel; and (2) there is a reasonable probability that the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Regarding the first prong of the *Strickland* test, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.. Regarding the second prong, a "reasonable probability" in this analysis means "a probability sufficient to undermine confidence in the outcome." *Matylinsky v. Budge*, 577 F.3d 1083, 1091 (9th Cir. 2009) (quoting *Strickland*, 466 U.S. at 694).

Judicial inquiry into counsel's performance "must be highly deferential," and strategic choices as to how to defend a case are "virtually unchallengeable." *Strickland*, 466 U.S. at 689, 691. Consequently, "a plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). Rather, the validity of a plea deal is called into question only if the defendant

demonstrates either (1) "that he made the unfavorable plea on the constitutionally defective advice of counsel" or (2) that he "could not have understood the terms of the plea bargain." *Id.*

In the context of a defendant convicted pursuant to a guilty plea, "constitutionally defective advice of counsel" reflects whether the advice in question was "within the range of competence demanded of attorneys in criminal cases." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). In *Tollett*, the Supreme Court described the competence of attorneys in criminal cases:

> The principal value of counsel to the accused in a criminal prosecution often does not lie in counsel's ability to recite a list of possible defenses in the abstract, nor in his ability, if time permitted, to amass a large quantum of factual data and inform the defendant of it. Counsel's concern is the faithful representation of the interest of his client and such representation frequently involves highly practical considerations as well as specialized knowledge of the law. Often the interests of the accused are not advanced by challenges that would only delay the inevitable date of prosecution, or by contesting all guilt. A prospect of plea bargaining, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the accused are considerations that might well suggest the advisability of a guilty plea[.] 411 U.S. at 267-68 (citations omitted).

Ultimately, "it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

B. Analysis

Petitioner alleges that her defense counsel rendered ineffective assistance of counsel when counsel advised her not to speak to the presentence report writer, "so officer used bogus police report" and counsel "failed to file proper objections," thereby prejudicing her case. For supporting facts, Petitioner adds that her attorney was on vacation for two months not assisting her, and that Petitioner has no criminal history. (#95 at 5). In her second ground for relief, Petitioner asserts that her attorney "failed to properly address this court regarding her mental

3- OPINION AND ORDER

illness and how the 3553(a) factors under *U.S. v. Booker* would apply as a mitigating factor." (#95 at 7).

With respect to Petitioner's claim in Ground One, that her attorney errantly advised her not to talk to the presentence report writer when she had no criminal history, nothing in the record suggests that defense counsel's performance fell below an objective standard of reasonableness, or that she rendered "constitutionally defective" advice. *Stumpf*, 545 U.S. at 186. Defense counsel has discretion to make reasonable strategic choices, including advising a defendant not to submit to a pre-sentence interview. *See Strickland*, 466 U.S. at 668 (concluding defense counsel's strategy of not requesting presentence report was reasonable and thus not demonstrative of ineffective assistance of counsel). Indeed, this advice may have helped, rather than harmed, Petitioner's case, given her more recent history as a prostitute, pimp and drug-user.

Moreover, no evidence exists that the probation officer filed a "bogus police report" or that defense counsel took a vacation that effectually rendered her assistance ineffective. Rather, the evidence on the record indicates that defense counsel negotiated a plea agreement resulting in the dismissal of the more serious charges of sex trafficking of a minor under 18 U.S.C. § 1591(a)(1), (b)(2) and (c), and transportation of a minor under 18 U.S.C. § 2423(a). (#59 at 2). Both of these counts carry a mandatory minimum sentence of ten years in prison. Defense counsel also filed a detailed letter with both the probation officer and the court listing objections and requesting additions to the draft presentence report. (#68 at 22). This letter discussed mitigating factors and provided information seeking to impeach the underage victim and discredit her account. (#68 at 22-25). Finally, defense counsel cross-examined the victim at sentencing. (#74 at 13).

4- OPINION AND ORDER

Thus, the evidence on the record indicates that defense council assisted Petitioner at all stages of the proceedings, and that she effectively negotiated a 48-month sentence, reduced from two mandatory ten-year terms. Accordingly, I conclude that defense counsel's performance falls well within the acceptable range of competence, and Petitioner's allegations in Ground One are without merit.

Petitioner's claim in Ground Two similarly lacks merit. Petitioner alleges that her attorney failed to inform the court about her mental illness and how mitigating factors applied under 18 U.S.C. § 3553(a). She states that she suffers from post-traumatic stress disorder, anxiety, and agoraphobia and receives disability benefits for these issues. (#95 at 7).

Contrary to Petitioner's allegation, however, defense counsel submitted two reports to the probation officer, a six-page behavioral health assessment from LifeWorks NW and an 18-page psychological evaluation by Dr. C. Chyrelle Martin, Psy.D. (#68 at 26-50). Additionally, defense counsel discussed Petitioner's receipt of social security disability benefits for her conditions in her letter to the probation officer. (#68 at 25). Thus, the record belies Petitioner's allegation that defense counsel failed to inform the court of her mental health issues. Accordingly, I find no merit to Petitioner's ineffective assistance of counsel claim in Ground Two.

## II.  Failure to Address Supervised Release Conditions

In her third ground for relief, Petitioner claims that the court failed to enumerate Petitioner's supervised release conditions at sentencing. Petitioner voluntarily and knowingly entered a valid plea, waiving her rights to appeal or collaterally attack the sentence. Thus, her § 2255 motion is barred by the terms of the plea agreement, unless the grounds alleged fall within

one of the specified exemptions in the waiver. Petitioner's plea agreement provides, in relevant part:

> **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). (#59 at 2-3).

Here, Petitioner's third ground for relief does not fall within any of the exceptions enumerated in the plea agreement. The court did not impose a sentence that exceeded the statutory maximum; it did not apply an upward departure, and it did not impose a sentence that exceeded the advisory guideline sentencing range. Additionally, Federal Rule of Criminal Procedure 33 is inapplicable in this case, as it pertains to new trials; and 18 U.S.C. § 3582(c)(2) does not apply, because the Sentencing Commission did not lower the sentencing range for Petitioner's offense subsequent to her sentencing. Accordingly, this claim is barred by the express terms of the plea agreement.[1]

---

[1] While this claim is procedurally barred, it also fails on the merits. At the sentencing hearing, I stated Petitioner will be on supervised release for five years; she will always be a registered sex offender; she will be prohibited from coming within 100 feet of where minor children congregate; and, with the exception of family members, Petitioner will have no contact with minors in person, by telephone, correspondence, or third parties unless approved by her supervised release officer. I also stated that any employment must be approved by Petitioner's supervised release officer; Petitioner must provide truthful and complete information regarding all of her computer hardware, software, electronic devices and storage devices to which she has access; she will be prohibited from possessing any computers, et cetera without the permission of her supervised release officer; and she will be prohibited from accessing online computer services at any location without the approval of her supervised release officer. Finally, I stated that Petitioner will participate in mental health treatment programs; she will be prohibited from using any form of illegal drugs, illegal substance, or even prescribed medication without the permission of her supervised release officer; she will be subjected to DNA collection; and she will observe reentry court as directed by her supervised release officer. (# 84 at 21-23). Thus, contrary to Petitioner's claim, I fully enumerated Petitioner's supervised release conditions at the sentencing hearing.

## CONCLUSION

Construing the § 2255 motion in a manner most favorable to the *pro se* Petitioner, the court identified two claims of relief: (1) ineffective assistance of counsel and (2) failure of the court to address the supervised release conditions at the time of sentencing. To the extent that Petitioner alleges in Grounds One and Two that defense counsel rendered ineffective assistance, the claim lacks support in the factual record and is without basis in law. In addition, the plea agreement bars Petitioner's claim in Ground Three. Having concluded that each of the grounds in the petition either lack merit or are barred, Petitioner's Motion to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255 (# 95) is DENIED. Pending motions, if any, are DENIED AS MOOT.

The court declines to issue a certificate of appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. §2253 (c)(2).

IT IS SO ORDERED.

DATED this 30th day of November, 2015.

Robert E. Jones
Senior District Court Judge